JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:      (916) 446-1726
E-mail:          jtelfer@telferlaw.com

Attorneys for Plaintiff
TREVOR THOMPSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR THOMPSON,<br><br>           Plaintiff,<br><br>     v.<br><br>MCDERMOTT, WILL & EMERY, LLP; and DOES 1 through 20, inclusive,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**<br><br>**\*\*DEMAND FOR JURY TRIAL\*\*** |

           COMES NOW PLAINTIFF, TREVOR THOMPSON, who alleges as follows:

**PARTIES**

           1.          Plaintiff TREVOR THOMPSON (hereinafter referred to as "Thompson" and "Plaintiff") was a former Technology Trainer at MCDERMOTT, WILL & EMERY, LLP (hereinafter referred to as "McDermott") for 14 years when he was terminated because of his disability and request for reasonable accommodation. At all times herein, Thompson worked at the Menlo Park location and was an excellent employee.

           2.          Defendant McDermott is an employer of over 2,500 persons organized and existing under the laws of the State of Illinois and is at all times mentioned herein authorized to do business in the state of California. McDermott is a global law firm providing various services including litigation and dispute resolution, real estate, tax and contract law. McDermott also specializes in employment law.

**JURISDICTION AND VENUE**

3. Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. §1332(a) and 1441(b). This Court may invoke pendent jurisdiction over plaintiff's state law claims based on 28 U.S.C. §1367. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the territorial boundaries of this judicial district.

**GENERAL ALLEGATIONS**

4. Thompson was hired with McDermott on September 13, 2006 as a technology trainer. His work involved covering both California, Texas and internationally with technical issues that may arise. Thompson was an exemplary employee and received stellar performance reviews throughout his employment.

5. In 2008, Thompson was diagnosed with Relapsing Remitting Multiple Sclerosis ("MS"), a less severe form of MS but has relapses with neurological symptoms and periods of stability. Thompson must take immunosuppressants when he is relapsing.

6. McDermott became formally aware of Thompson's condition in 2013 when the air conditioner broke, and the heat caused the symptoms of his MS to surface. He submitted a doctor's note in August 2013 regarding his medical condition.

7. Thompson experienced no issues with his condition and Defendant until COVID-19 hit and his immunocompromised condition required reasonable accommodation. In March 2020, all employees began working from home due to the COVID-19 pandemic. In September 2020, Plaintiff's doctor issued a note requiring Thompson to work from home as he was immunocompromised and was at a higher risk of contracting COVID-19. He did not request reasonable accommodation at this time as all employees were working from home.

8. While working remotely, on December 8, 2020, Thompson was given a performance evaluation and received all "Meets Expectations" or "Exceeds Expectations." There were no issues raised by McDermott to either the quantity or quality of Thompson's work during the time he was working remotely.

///

9.      On September 29, 2021, McDermott announced that it would begin efforts to return to in-person work. At this time, Thompson requested reasonable accommodation through Human Resources ("HR") as the medication that he was taking for his MS suppressed his immune system. Thompson included a doctor's note regarding his medical condition of MS and the fact that he was on immunotherapy that weakened his immune system.

10.     In fact, Thompson had taken the vaccine for COVID, but did not create any immunity to COVID because of the medication that he was taking.

11.     In December 2021, while working from home, Thompson again received a positive performance evaluation for his exemplary performance with rankings of "Meets Expectations" or "Exceeds Expectations."

12.     Due to the Delta variant of COVID-19, Thompson's and other employee's return to in-person work was delayed to March 2022. Thompson submitted considerable correspondence with McDermott identifying his medical condition and the need to be in an environment that was not compromising his condition.

13.     However, on March 3, 2022, Thompson received an email from HR informing him that he was to return to in-person work or resign. On March 4, 2022, Thompson asked HR to send this request in writing; but McDermott refused. McDermott's reasoning for his return was that in-person training was an essential function of a Technology Trainer. However, this was not true as Thompson was able to perform the essential functions of the job for two years prior to this and received exemplary reviews while working from home.

14.     On March 7, 2022, McDermott gave Thompson the deadline of March 14, 2022 to resign or return to the office. Thompson advised that he would return to the office in a safe condition once approved by his doctor. At no time did McDermott have an interactive meeting with Thompson to determine if accommodations could be made.

15.     On March 14, 2022, Thompson received a prophylactic COVID treatment at UCSF for immunocompromised patients. Thompson had to stop his MS treatment in order to have this done. He informed McDermott that he did not want to resign and set up a meeting with HR to discuss further because he was willing and capable to work remotely.

16. On March 15, 2022, McDermott advised Thompson that his last day with McDermott would be March 16 "if [his] situation remains unchanged." On March 16, 2022, McDermott provided Thompson with a severance agreement and terminated his employment.

17. The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sue such defendants by fictitious names. Plaintiff is informed and believes that the DOE defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries were proximately caused by the aforesaid defendants. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

18. Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venturer of the remaining defendants and was acting at least in part within the course and scope of such relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

19. Plaintiff alleges on information and belief that, at all times relevant herein, Defendants, and each of them, have actively participated in the discrimination and retaliation against Plaintiff because of his disability, gender and protected activities.

20. The managing agents for Defendant knew and/or should have known of the discrimination that Plaintiff had been forced to endure. Despite having been informed of, or having reasonable knowledge of said unlawful activity, these managing agents have refused to take any action to abate it.

21. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

///

///

**Plaintiff's Exhaustion of Administrative Remedies**

22.     Plaintiff filed administrative claims with the Department of Fair Employment and received his right-to-sue on or about November 28, 2022.

**FIRST CLAIM FOR RELIEF**

**Disability Discrimination – Failure to Reasonably Accommodate**

**(Violation of the Fair Employment and Housing Act)**

23.     Plaintiff incorporates herein by reference Paragraphs 1 through 22 of this Complaint as fully set forth herein.

24.     Plaintiff has MS and due to his limitations from this condition, Thompson needed the accommodation of a finite time to work from home as he was immunocompromised and at a higher risk of contracting COVID-19, and/or other diseases and infections.

25.     Thompson conveyed his request for reasonable accommodation on numerous occasions and provided medical documentation to support the request.

26.     McDermott denied the reasonable accommodation, even though accommodation would not have created a hardship. McDermott terminated Plaintiff's employment even though he was willing and capable of working.

27.     As a result of Defendant's decision to not reasonably accommodate Plaintiff, he has suffered and continues to suffer extreme emotional distress which exacerbated his medical condition.

28.     As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

///

29.     As a proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

30.     As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

31.     Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

**SECOND CLAIM FOR RELIEF**

**Disability Discrimination – Failure to Engage in a Good Faith Interactive Process**

**(Violation of the Fair Employment and Housing Act)**

32.     Plaintiff incorporates herein by reference Paragraphs 1 through 31 of this Complaint as fully set forth herein.

33.     Defendants were notified of Plaintiffs medical condition and limitations due in part to his request for reasonable accommodation and doctor's notes appraising Defendant of the limitations and need for assistance. However, McDermott failed to engage in a timely and good faith interactive process.

34.     At no time did Defendant describe the reasonable accommodation policy or options available, nor did Defendant ask Plaintiff what he could and could not do because of his limitations.

35.     As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all

to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

36. As a proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

37. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

38. Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

**THIRD CLAIM FOR RELIEF**

**Disability Discrimination – Disparate Treatment**

**(Violation of the Fair Employment and Housing Act)**

39. Plaintiff incorporates herein by reference Paragraphs 1 through 39 of this Complaint as fully set forth herein.

40. Plaintiff is a qualified disabled male who has MS. Defendants and each of them were aware of Plaintiff's condition and limitations. Defendants and each of them refused to reasonably accommodate Plaintiff even though he was able to perform the essential functions of his position. Instead, Defendant terminated him.

41.     As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

42.     As a proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

43.     As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

44.     Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

### FOURTH CLAIM FOR RELIEF

### Retaliation - Under Government Code §12490

### (Violation of the Fair Employment Housing Act)

45.     Plaintiff incorporates herein by reference Paragraphs 1 through 44 of this Complaint as fully set forth herein.

///

46. Plaintiff engaged in the protected activity of requesting reasonable accommodations in 2021 and 2022.

47. As a result of Plaintiff's requests for reasonable accommodation, Defendant retaliated against Plaintiff by terminating him, refusing to reasonably accommodate him or even engage in the interactive process with him.

48. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

49. As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

50. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

51. Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

///

## FIFTH CLAIM FOR RELIEF

## FAILURE TO CORRECT

**(Violation of Government Code §12940(k))**

52. Plaintiff incorporates herein by reference Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Defendant McDermott was put on notice of the illegal behavior of its employees, supervisors and managers against Plaintiff. Rather than take immediate corrective action as is required under the law, Defendant McDermott ignored the illegal behavior and ignored Plaintiff, and in fact took steps to cover up McDermott's managers and supervisors' illegal actions.

54. As a direct and proximate result of the conduct of Defendant and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

55. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

56. As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

57. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those

acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

58. Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

WHEREFORE, Plaintiff prays for judgment as specifically set forth below.

**PRAYER**

1. After appropriate proceedings, permanently enjoin Defendants from discriminating against the disabled and cease retaliation against those who engage in protected activities;

2. Award Plaintiff compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

3. Punitive damages;

4. Reasonable attorneys' fees;

5. Reasonable costs of suit; and

6. For any other relief that the Court deems just and proper.

Dated:   December 29, 2022                    LAW OFFICES OF JILL P. TELFER

*/s/ Jill P. Telfer*

JILL P. TELFER
Attorney for Plaintiff,
**TREVOR THOMPSON**